FILED

2011 JAN -6 AM II: 56

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY _____

Anshu Pathak
130 West Walnut Ave, Suite A –14,
Perris, CA 92571
Phone: 951-657-7299 , Fax: 951-657-6599
E-Mail:anshupathak@aol.com

Plaintiff In Pro Se

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

ED CV11-00055 VAP (OPx)

Anshu B. Pathak, An Individual;

Plaintiff ;

V.

I.C.G. America, Inc. A CT Corporation;
24 SEVEN ENTERPRISES NV, INC., A NV
Corporation; The City of Sparks; C & H Clubs
USA Inc.; Harry And David Inc., an OR
Corporation; Google Inc; A DE Corporation;
Microsoft Corporation; A WA Corporation;
Yahoo Inc.; A  DE Corporation;
and DOES 1 through 10, Inclusive.

Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE #

**CVIL COMPLAINT FOR:**

1. **Trademark Infringement 15 U.S.C. § 1114 (1);**
2. **"Passing Off" Under the Lanham Act -15 U.S.C. § 1125 (a);**
3. **Trademark Dilution - 15 U.S.C. § 1125 (c);**
4. **Cyber squatting -15 U.S.C. § 1125 (d);**
5. **Unfair Competition – Cal. Bus. & Prof. §§ 17200, 17500 et seq;**
6. **Unjust Enrichment;**
7. **Demand for Accounting;**
8. **Constructive Trust;**
9. **Permanent Injunction.**

**[DEMAND FOR JURY TRIAL]**

Plaintiff, Anshu Pathak hereby complains and alleges as follows.

## INTRODUCTION

This complaint is brought to redress the willful violation of ANSHU PATHAK's (referred to alternatively as "Plaintiff" hereinafter) trademark rights in the phrase "Cheese of the month club" by major search engines [Google, Yahoo and Microsoft], past customer [ICG America Inc;] and direct competitors, C & H Clubs USA Inc., and Harry and David Inc.

On or around October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants. Defendants intentionally and knowingly continued to infringe Plaintiff's "Cheese of the Month Club" mark for their financial benefits.

## THE PARTIES

1. Plaintiff Anshu Pathak is doing business from County of Riverside, State of California and is a well known purveyor of quality gourmet cheese and is the legal and beneficial owner of the trademark "Cheese of the month club" under United States Trademark Registration Number 3852089 and Serial Number 77642499.

2. Plaintiff is informed and believes, and based thereon alleges, that I. C. G. America Inc; (referred to alternatively as "ICGA" hereinafter) is a corporation duly organized and existing under the laws of State of CT.

3. Plaintiff is informed and believes, and based thereon alleges, that C & H Clubs USA Inc., (referred to alternatively as "CHCUSA" hereinafter) is a corporation duly organized and existing under the laws of State, unknown to Plaintiff.

4. Plaintiff is informed and believes, and based thereon alleges, that 24 SEVEN ENTERPRISES NV, INC., (referred to alternatively as "24" hereinafter) is a corporation duly organized and existing under the laws of State of Nevada.

5. Plaintiff is informed and believes, and based thereon alleges, that The City of Sparks is a City, (referred to alternatively as "SPARKS" hereinafter) duly organized and existing under the laws of State of Nevada.

6. Plaintiff is informed and believes, and based thereon alleges, that Harry and David Inc; (referred to alternatively as "HARRY" hereinafter) is a corporation duly organized and existing under the laws of State of OR.

7. Plaintiff is informed and believes, and based thereon alleges, that United Parcel Service Inc; (referred to alternatively as "UPS" hereinafter) is a corporation duly organized and existing under the laws of State of DE.

8. Plaintiff is informed and believes, and based thereon alleges, that Yahoo Inc; (referred to alternatively as "YAHOO" hereinafter) is a corporation duly organized and existing under the laws of State of DE.

9. Plaintiff is informed and believes, and based thereon alleges, that Microsoft Inc; (referred to alternatively as "MICROSOFT" hereinafter) is a corporation duly organized and existing under the laws of State of WA.

10. Plaintiff is informed and believes, and based thereon alleges, that Google Inc; (referred to alternatively as "GOOGLE" hereinafter) is a corporation duly organized and existing under the laws of State of DE.

11. Plaintiff is informed and believes, and based thereon alleges, that above named Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants, whom obtained financial benefit from the Defendant's acts and omissions, and each was acting within the course and scope of said agency and employment.

12. Plaintiff is informed and believes, and based thereon alleges, that above named Defendants and DOES 1 through 10, inclusive, did aid, abet, participate in, contribute to, or benefit from the acts and behavior alleged herein and the damages caused thereby, and by their inaction ratified and encouraged such acts and behavior.

13. Plaintiff further alleges that above named Defendants and DOES 1 through 10, inclusive, had a non-delegable duty to prevent or cure such acts and the behavior described herein, which duty Defendant and DOES 1 through 10, inclusive failed and/or refused to perform.

## JURISDICTION AND VENUE

14. This action arises under the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This court has federal question jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. § 1331, and 28 U.S.C. § 1338 (a) and (b). This court has supplemental jurisdiction over Plaintiff's State Law Claims pursuant to 28 U.S.C. § 1367(a).

15. Venue is proper in this district under 28 U.S.C. § 1391 (b) and 28 U.S.C. § 1400(a)

16. Venue is proper in this district as Defendant "ICGA", "24", "UPS"; "CHCUSA" are illegally delivering alcohol in County of Riverside from State of Nevada.

## FACTUAL BACKGROUND

17. Plaintiff Anshu Pathak is a premier gourmet food purveyor since 1972.

18. Plaintiff ships monthly cheese shipments directly to his club members.

19. Plaintiff owns the registered Trademark "Cheese of the month club" for on-line retail store services in the field of monthly cheese shipments to club members.; On-line retail store services featuring monthly cheese shipments to club members in International Class 035 and US 100, 101 and 102 for goods and services. [Exhibit A]

20. On or after October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants.

21. On or after October, 2010 Defendants "ICGA", "CHCUSA" and "HARRY" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff.

22. On or after October, 2010 Defendants Google, Yahoo and Bing intentionally and knowingly accepted bids for Key Word, "Cheese of the Month Club" and infringed Plaintiff's Trademark without the consent or authorization of Plaintiff.

23. Plaintiff introduced the original concept of, "Cheese of the month club", "Organic Cheese of the month club", "American Cheese of the month club", "Blue Cheese of the month club", "British Cheese of the month club", "Cheddar Cheese of the month club", "Cheese Cake of the month club", "Corporate Cheese of the month club", "Dutch Cheese of the month club", "English Cheese of the month club", "European Cheese of the month club", "French Cheese of the month club", "Italian Cheese of the month club", "International Cheese of the month club", "Mini International Cheese of the month club", "Kosher Cheese of the month club", "Platinum Cheese of the month club", "Premium Cheese of the month club", "Spanish Cheese of the month club", "Swiss Cheese of the month club", "Goat Cheese of the month club", "Sheep Cheese of the month club" and "Cow's Milk Cheese of the month club" to the public.

24. Plaintiff continuously used "Cheese of the month club" mark in commerce since as early as 1999 and acquired distinctiveness.

25. In 2009, Plaintiff applied for Trademark, "Cheese of the month club" for his on-line retail store.

26. Plaintiff has successfully settled his first Trademark Infringement lawsuit against Nexstep Inc. within first 90 days after acquiring the Trademark. [Exhibit B]

## UNDISPUTED FACTS RELATED TO DEFENDANTS "ICGA", "24", "SPARKS", AND "UPS"

27. Plaintiff owns the registered Trademark "Cheese of the month club" for on-line retail store services in the field of monthly cheese shipments to club members.; On-line retail store services featuring monthly cheese shipments to club members in International Class 035 and US 100, 101 and 102 for goods and services.

## United States of America
### United States Patent and Trademark Office

Cheese of the month club

**Reg. No. 3,852,089**  ANSHU PATHAK (UNITED STATES INDIVIDUAL), DBA CHEESE OF THE MONTH CLUB
25517 LOS CADOS DRIVE
**Registered Sep. 28, 2010**  MORENO VALLEY, CA 92551

**Int. Cl.: 35**  FOR: COMPUTERIZED ON-LINE RETAIL STORE SERVICES IN THE FIELD OF MONTHLY
CHEESE SHIPMENTS TO CLUB MEMBERS ; ON-LINE RETAIL STORE SERVICES FEA-
TURING MONTHLY CHEESE SHIPMENTS TO CLUB MEMBERS, IN CLASS 35 (U.S. CLS.
**SERVICE MARK**  100, 101 AND 102)

**PRINCIPAL REGISTER**  FIRST USE 12-7-1999; IN COMMERCE 12-7-1999

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "CLUB", APART FROM THE
MARK AS SHOWN.

SEC. 2(F).

SER. NO. 77-612,499, FILED 1-2-2009.

NAKIA HENRY, EXAMINING ATTORNEY



David J. Kappos
Director of the United States Patent and Trademark Office

28. Plaintiff has successfully settled his first Trademark Infringement lawsuit against Nexstep Inc. within first 90 days after acquiring the Trademark. Case Number ED-CV10-01685 VAP (Opx)

29. Plaintiff ships monthly cheese shipments directly to his club members.

30. Defendant "ICGA" does not ship monthly cheese shipments directly to their on-line customers.

31. Defendant "ICGA" use drop shippers to ship "monthly cheese shipments" to their on-line customers.

32. Defendant "ICGA" stole Plaintiff's idea of "Cheese of the month club" after they saw success of Plaintiff's on-line retail business on the Internet.

33. Plaintiff was shipping "cheese orders" for Defendant "ICGA".

34. Defendant "ICGA" uses Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN.

35. Defendant "ICGA" uses Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN for financial profits.

36. Defendant "ICGA" has generated income by using Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN.

37. Defendant "ICGA" uses Plaintiff's trademark with a specific intent of causing confusion as to source and origin of goods.

38. Defendant "ICGA" infringes Plaintiff's "Trademark" by bidding on Plaintiff's Trademark as "Keyword" on major search engines like Google, AOL, Yahoo, Bing and others through their hundreds of domain names owned and operated by them.

39. On or after October 2010, Plaintiff gave notice to Defendant "ICGA" to stop infringing Plaintiff's Trademark, "CHEESE OF THE MONTH CLUB".

40. Defendant "ICGA" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from Plaintiff.

41. Defendant "ICGA" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark by making bids on the key word, "Cheese of the month club" on Google, Yahoo, Bing and other search engines.

42. Defendant "ICGA" made bids on the key word, "Cheese of the month club" on Google, Yahoo, Bing and other search engines to obtain orders from on-line retail and whole sale customers.

43. Defendant "ICGA" made financial profits by making bids on the key word, "cheese of the month club" on different search engines.

44. Defendant "ICGA" bids on Plaintiff's Trademark as "Keyword" on major search engines from money acquired from their "Illegal Beer Business".

45. Defendants "ICGA", "24", "SPARKS" and "UPS" are involved in major "Illegal Beer Business" without knowledge of State and Federal authorities for their personal financial profits.

46. Defendant "ICGA" owns and operates several web sites including "amazingclubs.com" and "flyingnoodle.com".

47. Defendant "ICGA" accepts "Beer and Wine" orders on the internet through their different web sites including "amazingclubs.com" and "flyingnoodle.com".

48. Defendant "ICGA" accepts "Beer and Wine" orders on the phone.

49. Defendant "ICGA" accepts "Beer and Wine" orders by fax.

50. Defendant "ICGA" and their agents process credit cards for orders received for "Beer and Wine"

51. Defendant "ICGA" does not have license to accept Beer and Wine orders from State of CT.

52. Defendant "ICGA" does not have "Alcohol License" to accept Beer and Wine orders from State of CT.

53. Defendant "ICGA" does not have retail "ABC License" from State of CA to sell beer and wine.

54. Defendant "ICGA" accepts on-line beer orders from residents of State of California.

55. Defendant "ICGA" through their agents ship "Beer" to the residents of State of CA.

56. Defendant "ICGA" do not collect sales tax for beer sold to CA residents.

57. Defendant "ICGA" and or their agents do not pay sales tax to CA Board of Equalization for beer sold to CA residents.

58. Defendant "24" applied for "Beer Wholesaler" permit from Nevada Department of Taxation under Nevada Three Tier System.

59. Defendant "SPARKS" approved application of Defendant "24" on or around June 9, 2008 as "Beer Wholesaler".

60. Defendant "24" does not have ABC license from State of CA.

61. Defendant "24" ship "Beer" to the residents of State of CA through UPS.

62. Defendant "24" does not collect sales tax for beer sold to CA residents.

63. Defendant "24" does not pay sales tax to CA Board of Equalization for beer sold to CA residents.

64. Defendant "24" ships Beer orders from 1887 Deming Way, Sparks, NV 89431 for Defendant "ICGA".

65. Defendant "24's" UPS account Number is 5V5Y05.

66. Defendant "UPS" delivers "Beer" orders in County of Riverside, State of California without verifying age and adult signature.

67. Defendant "UPS" charges extra money to deliver beer shipments for age verification.

68. Defendant "24" use Defendant "UPS" to ship "Beer" to the residents of County of Riverside, State of California.

69. Defendant "UPS" delivered beer without verifying the age in County of Riverside, State of California. [Tracking number 1z5v5y050356986946]

70. Defendant "UPS" delivered beer without "Adult Signature" in County of Riverside, State of California.[Tracking number 1z5v5y050356986946]

71. Defendants "24", "SPARKS", "ICGA" and "UPS" are financially benefitted from shipping "Beer" to Reese Mccoulure, 28731 Kalima Ave, Moreno valley, CA 92555. [Tracking number 1z5v5y050356986946].

72. Defendant "UPS" can stop illegal business of Defendant "24" by canceling their contract with Defendant "24" and filing criminal charges against Defendant "24" and Defendant "ICGA" for knowingly committing a felony as per County, State and Federal laws.

73. Defendant "UPS" has not stopped doing business with Defendant "24" for their own financial benefits.

74. Defendant "SPARKS" is financially benefitted from operation of Defendant "24".

75. Defendant "SPARKS" can stop illegal business of Defendant "24" by canceling their business license and "Beer Wholesaler" permit.

76. Defendant "SPARKS" has not stopped illegal business of Defendant "24" for their own financial benefits.

77. Defendant "24" shipped "Beer" to Reese Mccoulure, 28731 Kalima Ave, Moreno valley, CA 92555 on behalf of Defendant "ICGA". [Tracking number 1z5v5y050356986946].



## UNDISPUTED FACTS RELATED TO DEFENDANTS "CHCUSA", "24", "SPARKS", AND "UPS"

78. Plaintiff owns the registered Trademark "Cheese of the month club" for on-line retail store services in the field of monthly cheese shipments to club members.; On-line retail store services featuring monthly cheese shipments to club members in International Class 035 and US 100, 101 and 102 for goods and services. [Exhibit A]

79. Plaintiff has successfully settled his first Trademark Infringement lawsuit against Nexstep Inc. within first 90 days after acquiring the Trademark. [Exhibit B]

80. Plaintiff ships monthly cheese shipments directly to his club members.

81. Defendant "CHCUSA" does not ship monthly cheese shipments directly to their on-line customers.

82. Defendant "CHCUSA" use drop shippers to ship "monthly cheese shipments" to their on-line customers.

83. Defendant "CHCUSA" uses Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN.

84. Defendant "CHCUSA" uses Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN for financial profits.

85. Defendant "CHCUSA" has generated income by using Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN.

86. Defendant "CHCUSA" uses Plaintiff's trademark with a specific intent of causing confusion as to source and origin of goods.

87. Defendant "CHCUSA" infringes Plaintiff's "Trademark" by bidding on Plaintiff's Trademark as "Keyword" on major search engines like Google, AOL, Yahoo, Bing and others through their hundreds of domain names owned and operated by them.

88. On or after October 2010, Plaintiff gave notice to Defendant "CHCUSA" to stop infringing Plaintiff's Trademark, "CHEESE OF THE MONTH CLUB" by Certified Mail and e-mail.

89. Defendant "CHCUSA" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from Plaintiff.

90. Defendant "CHCUSA" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark by making bids on the key word, "Cheese of the month club" on Google, Yahoo, Bing and other search engines.

91. Defendant "CHCUSA" made bids on the key word, "Cheese of the month club" on Google, Yahoo, Bing and other search engines to obtain orders from on-line retail and whole sale customers.

92. Defendant "CHCUSA" made financial profits by making bids on the key word, "cheese of the month club" on different search engines.

93. Defendant "CHCUSA" bids on Plaintiff's Trademark as "Keyword" on major search engines from money acquired from their "Illegal Beer Business".

94. Defendants "CHCUSA", "24", "SPARKS" and "UPS" are involved in major "Illegal Beer Business" without knowledge of State and Federal authorities for their personal financial profits.

95. Defendant "CHCUSA" owns and operates over hundreds of domain names, including "beermonthclub.com" and "winemonthclub.com".

96. Defendant "CHCUSA" accepts "Beer and Wine" orders on the internet through their different web sites including "beermonthclub.com" and "winemonthclub.com".

97. Defendant "CHCUSA" accepts "Beer and Wine" orders on the phone.

98. Defendant "CHCUSA" accepts "Beer and Wine" orders by fax.

99. Defendant "CHCUSA" and their agents process credit cards for orders received for "Beer and Wine."

100. Defendant "CHCUSA" does not have retail "ABC License" from State of CA to sell beer and wine.

101. Defendant "CHCUSA" accepts on-line beer orders from residents of State of California.

102. Defendant "CHCUSA" through their agents ship "Beer" to the residents of State of CA.

103. Defendant "CHCUSA" do not collect sales tax for beer sold to CA residents.

104. Defendant "CHCUSA" and or their agents do not pay sales tax to CA Board of Equalization for beer sold to CA residents.

105. Defendant "24" applied for "Beer Wholesaler" permit from Nevada Department of Taxation under Nevada Three Tier System.

106. Defendant "SPARKS" approved application of Defendant "24" on or around June 9, 2008 as "Beer Wholesaler".

107. Defendant "24" does not have ABC license from State of CA.

108. Defendant "24" ship "Beer" to the residents of State of CA through UPS.

109. Defendant "24" does not collect sales tax for beer sold to CA residents.

110. Defendant "24" does not pay sales tax to CA Board of Equalization for beer sold to CA residents.

111. Defendant "24" ships Beer orders from 1887 Deming Way, Sparks, NV 89431 for Defendant "ICGA".

112. Defendant "24's" UPS account Number is 5V5Y05.

113. Defendant "UPS" delivers "Beer" orders in County of Riverside, State of California without verifying age and adult signature.

114. Defendant "UPS" charges extra money to deliver beer shipments for age verification.

115. Defendant "24" use Defendant "UPS" to ship "Beer" to the residents of County of Riverside, State of California.

116. Defendant "24" shipped "Beer" to Joseph Rogers on behalf of Defendant "CHCUSA" in County of Riverside, State of California.

117. Defendant "UPS" delivered "BEER" to Joseph Rogers without verifying the age in County of Riverside, State of California.

118. Defendant "UPS" delivered "BEER" to Joseph Rogers, without "Adult Signature" in County of Riverside, State of California.

119. Defendants "24", "SPARKS", "CHCUSA" and "UPS" are financially benefitted from shipping "Beer" to Joseph Rogers in County of Riverside, State of California.

120. Defendant "UPS" can stop illegal business of Defendant "24" by canceling their contract with Defendant "24" and filing criminal charges against Defendant "24" and Defendant "CHCUSA" for knowingly committing a felony as per County, State and Federal laws.

121. Defendant "UPS" has not stopped doing business with Defendant "24" for their own financial benefits.

122. Defendant "SPARKS" is financially benefitted from operation of Defendant "24".

123. Defendant "SPARKS" can stop illegal business of Defendant "24" by canceling their business license and "Beer Wholesaler" permit.

124. Defendant "SPARKS" has not stopped illegal business of Defendant "24" for their own financial benefits.

125. Mr. Kristian Scott Calef operates C & H Clubs Inc. also known as C & H Clubs USA Inc., located at 26246 Enterprise Court, Lake Forest, CA 92630.

126. As per the records of Secretary of State of California C & H Clubs Inc. and or C & H Clubs USA Inc. are not California Corporations as of December 3, 2010.

127. As per the records of Secretary of State of California C & H Clubs Inc. and or C & H Clubs USA Inc. are not registered as Foreign Corporations as of December 3, 2010.

128. C & H Clubs Inc. and or C & H Clubs USA Inc. does not have license to sell beer and wine from Department of Alcohol and Beverage, State of California.

129. C & H Clubs Inc. and or C & H Clubs USA Inc. sell beer and wine to residents of the State of California and outside of State of California from their local office in State of California.

130. C & H Clubs Inc. and or C & H Clubs USA Inc. sold beer to Plaintiff in State of California.

131. C & H Clubs Inc. and or C & H Clubs USA Inc. delivered Plaintiff's "BEER" order in State of California.

132. C & H Clubs Inc. and or C & H Clubs USA Inc. shipped Plaintiff's "BEER" order from State of Nevada.

133. Plaintiff requested Defendant "CHCUSA" to provide copy of the invoice for "BEER" sold to Plaintiff.

134. Defendant "CHCUSA" did not provide copy of the invoice for "BEER" sold to Plaintiff.

135. Plaintiff requested Defendant "CHCUSA's" attorney to provide copy of the invoice for "BEER" sold to Plaintiff by e-mail.

136. Defendant "CHCUSA's" attorney did not respond to Plaintiff's e-mail.

**UNDISPUTED FACTS RELATED TO DEFENDANT "HARRY AND DAVID"**

137. Plaintiff owns the registered Trademark "Cheese of the month club" for on-line retail store services in the field of monthly cheese shipments to club members.; On-line retail store services featuring monthly cheese shipments to club members in International Class 035 and US 100, 101 and 102 for goods and services. [Exhibit A]

138. Plaintiff has successfully settled his first Trademark Infringement lawsuit against Nexstep Inc. within first 90 days after acquiring the Trademark. [Exhibit B]

139. Plaintiff ships monthly cheese shipments directly to his club members.

140. Defendant "HARRY" does not ship monthly cheese shipments directly to their on-line customers.

141. Defendant "HARRY" uses Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN.

142. Defendant "HARRY" uses Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN for financial profits.

143. Defendant "HARRY" has generated income by using Plaintiff's trademark that don't belong to them as keyword triggers or in the advertising text of ads placed on Google, Yahoo, and MSN.

144. Defendant "HARRY" uses Plaintiff's trademark with a specific intent of causing confusion as to source and origin of goods.

145. Defendant "HARRY" infringes Plaintiff's "Trademark" by bidding on Plaintiff's Trademark as "Keyword" on major search engines like Google, AOL, Yahoo, Bing and others through their hundreds of domain names owned and operated by them.

146. On or after October 2010, Plaintiff gave notice to Defendant "HARRY" to stop infringing Plaintiff's Trademark, "CHEESE OF THE MONTH CLUB" by Certified Mail and e-mail.

147. Defendant "HARRY" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from Plaintiff.

148. Defendant "HARRY" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark by making bids on the key word, "Cheese of the month club" on Google, Yahoo, Bing and other search engines.

149. Defendant "HARRY" made bids on the key word, "Cheese of the month club" on Google, Yahoo, Bing and other search engines to obtain orders from on-line retail and whole sale customers.

150. Defendant "HARRY" made financial profits by making bids on the key word, "cheese of the month club" on different search engines.

151. Defendant "HARRY" bids on Plaintiff's Trademark as "Keyword" on major search engines from money acquired from loans from financial institutions.

152. Defendant "HARRY" has defrauded major banks and institutions by borrowing money by making misrepresentations on their loan applications.

153. Defendant "HARRY" has defrauded major banks and institutions by borrowing money on Trademarks which does not exist.

154. Defendant "HARRY" files Trademark applications with United States Patent and Trademark office to obtain Trademarks to borrow money from banks and financial institutions.

155. Defendant "HARRY" has borrowed money on their pending "Trademark applications" and defrauded banks and financial institutions.

156. Defendant "HARRY" has filed Trademark infringement lawsuits against Plaintiff, Defendant "ICGA", Hickory Farms and others for their Trademark, "FRUIT-OF-THE-MONTHCLUB".

157. Defendant "HARRY" has filed Trademark infringement lawsuits against Plaintiff for bidding their Trademark, "FRUIT-OF-THE-MONTHCLUB" as key word on Google.

## UNDISPUTED FACTS RELATED TO DEFENDANT "GOOGLE"

158. Defendant "GOOGLE" and their affiliates infringe Plaintiff's "Trademark" by accepting bids on Plaintiff's Trademark, "Cheese of the month club" as "Keyword" on their search engines.

159. On or after October 2010, Plaintiff gave notice to Defendant "GOOGLE" to stop accepting bids on Plaintiff's Trademark, "CHEESE OF THE MONTH CLUB" as key word.

160. Defendant "GOOGLE" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark without consent or authorization of Plaintiff after they received the notice from Plaintiff.

161. Defendant "GOOGLE" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark by accepting bids on the key word, "Cheese of the month club" after they received the notice from Plaintiff.

162. Defendant "GOOGLE" made financial profits by accepting bids on the key word, "cheese of the month club" after they received the notice from Plaintiff.

### UNDISPUTED FACTS RELATED TO DEFENDANT "YAHOO"

163. Defendant "YAHOO" and their affiliates infringe Plaintiff's "Trademark" by accepting bids on Plaintiff's Trademark, "Cheese of the month club" as "Keyword" on their search engines.

164. On or after October 2010, Plaintiff gave notice to Defendant "YAHOO" to stop accepting bids on Plaintiff's Trademark, "CHEESE OF THE MONTH CLUB" as key word.

165. Defendant "YAHOO" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark without consent or authorization of Plaintiff after they received the notice from Plaintiff.

166. Defendant "YAHOO" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark by accepting bids on the key word, "Cheese of the month club" after they received the notice from Plaintiff.

167. Defendant "YAHOO" made financial profits by accepting bids on the key word, "cheese of the month club" after they received the notice from Plaintiff.

## UNDISPUTED FACTS RELATED TO DEFENDANT "MICROSOFT"

168. Defendant "MICROSOFT" and their affiliates infringe Plaintiff's "Trademark" by accepting bids on Plaintiff's Trademark, "Cheese of the month club" as "Keyword" on their search engines.

169. On or after October 2010, Plaintiff gave notice to Defendant "MICROSOFT" to stop accepting bids on Plaintiff's Trademark, "CHEESE OF THE MONTH CLUB" as key word.

170. Defendant "MICROSOFT" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark without consent or authorization of Plaintiff after they received the notice from Plaintiff.

171. Defendant "MICROSOFT" intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark by accepting bids on the key word, "Cheese of the month club" after they received the notice from Plaintiff.

172. Defendant "MICROSOFT" made financial profits by accepting bids on the key word, "cheese of the month club" after they received the notice from Plaintiff.

## FIRST CAUSE OF ACTION

### [Trademark Infringement 15 U.S.C. § 1114 (1) (a)]
### (Against All Defendants)

1. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

2. Plaintiff is the registered owner of the "Cheese of the month club" mark.

3. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

4. On or around October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants by Certified USPS mail and or E-mail and or by Fax.

5. Defendants intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from the Plaintiff.

6. Defendant's use of Plaintiff's "Cheese of the month club" mark as key word triggers is a use in commerce in connection with Defendant's goods that is likely to cause customer

confusion or mistake, or to deceive as to affiliation, connection, association, sponsorship, or approval of Defendant's goods by Plaintiff.

7. Defendant is thus liable under 15 U.S.C. § 1114 (1) (a) for infringement of Plaintiff's registered "Cheese of the month club" Trademark.

8. Pursuant to 15 U.S.C. § 1117 (a), Plaintiff is entitled to recover Defendant's profits and the cost of the action.

9. This case is an exceptional case under 15 U.S.C. § 1117 (a) (3) and Plaintiff should be awarded its reasonable attorney fees.

10. Because defendant's action in using Plaintiff's "Cheese of the month club" mark as key word triggers was intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117 (a) (3) in an amount up to three times the actual damages.

11. In addition, because Plaintiff's remedies under 15 U.S.C. § 1117 (a), while necessary, are not sufficient to fully protect Plaintiff's continuing interest in preserving its marks against future infringements by Defendant, Plaintiff is entitled to an injunction against Defendant's use in the future of Plaintiff's registered "Cheese of the month club" mark, or any colorable imitation or confusingly similar variation of Plaintiff's "Cheese of the month club" marks as keyword triggers for any advertisement for the sale of any product other than genuine "Cheese of the month club" products. Plaintiff is also entitled to an injunction prohibiting any other infringing use such as in or as the title for any advertisement for the sale of any product other than genuine "Cheese of the month club" products.

## SECOND CAUSE OF ACTION

### ["Passing Off" Under the Lanham Act -15 U.S.C. § 1125 (a)]
### (Against All Defendants)

12. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

13. Plaintiff is the registered owner of the "Cheese of the month club" mark.

14. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

15. On or around October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants by Certified USPS mail and or E-mail and or by Fax.

16. Defendants intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from the Plaintiff.

17. Defendant's use of Plaintiff's "Cheese of the month club" mark as key word triggers is a use in commerce in connection with Defendant's goods that is likely to cause customer confusion or mistake, or to deceive as to affiliation, connection, association, sponsorship, or approval of Defendant's goods by Plaintiff.

18. Defendant is thus liable under 15 U.S.C. § 1125(a) for unfair competition by its uses of Plaintiff's registered "Cheese of the month club" Trademark.

19. Pursuant to 15 U.S.C. § 1117 (a), Plaintiff is entitled to recover Defendant's profits and the cost of the action.

20. Because defendant's action in using Plaintiff's "Cheese of the month club" mark as key word triggers was intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117 (a) (3) in an amount up to three times the actual damages.

21. This case is an exceptional case under 15 U.S.C. § 1117 (a) (3) and Plaintiff should be awarded its reasonable attorney fees.

22. In addition, because Plaintiff's remedies under 15 U.S.C. § 1117 (a), while necessary, are not sufficient to fully protect Plaintiff's continuing interest in preserving its marks against future infringements by Defendant, Plaintiff is entitled to an injunction against Defendant's use in the future of Plaintiff's registered "Cheese of the month club" mark, or any colorable imitation or confusingly similar variation of Plaintiff's "Cheese of the month club" marks as keyword triggers for any advertisement for the sale of any product other than genuine "Cheese of the month club" products. Plaintiff is also entitled to an injunction prohibiting any other infringing use such as in or as the title for any advertisement for the sale of any product other than genuine "Cheese of the month club" products.

## THIRD CAUSE OF ACTION
### [Trademark Dilution - 15 U.S.C. § 1125 (c)]
### (Against All Defendants)

23. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

24. Plaintiff is the registered owner of the "Cheese of the month club" mark.

25. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

26. On or around October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants by Certified USPS mail and or E-mail and or by Fax.

27. Defendants intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from the Plaintiff.

28. Defendant's use of Plaintiff's "Cheese of the month club" mark as key word triggers is a use in commerce in connection with Defendant's goods that is likely to cause customer confusion or mistake, or to deceive as to affiliation, connection, association, sponsorship, or approval of Defendant's goods by Plaintiff.

29. Plaintiff's "Cheese of the month club" is famous mark under the common law and under the factors described for protection against dilution in 15 U.S.C. § 1125(c)(2)(A) and transcend the specific classes of goods and services for which Plaintiff has registered its "Cheese of the month club" mark.

30. Defendant's use of plaintiff's "Cheese of the month club" marks is likely to cause dilution by blurring of Plaintiff's famous "Cheese of the month club" marks under 15 U.S.C.§ 1125(c)(2)(B).

31. Defendant is bidding on plaintiffs exact or virtually the same marks; plaintiff's marks have acquired substantial distinctiveness since their first use in commerce.

32. Plaintiff exclusively uses its "Cheese of the month club" marks on his products and services.

33. Defendant HARRY intended to create an association with Plaintiff's marks in order to divert business to itself;

34. There is no actual association between Defendant Harry and Plaintiff.

35. Pursuant to 15 U.S.C. § 1125(c) (1) and (5). Plaintiff is entitled to an injunction against defendant's use in the future of Plaintiff's registered "Cheese of the month club" marks, or any colorable imitation or confusingly similar variation of plaintiffs "Cheese of the month club" marks, as keyword triggers for any advertisement for the sale of any product other than genuine Plaintiff's products.

36. Plaintiff is also entitled to an injunction prohibiting any other use that dilutes plaintiff's "Cheese of the month club" marks such as in or as the title for any advertisement for the sale of any product other than genuine Plaintiff's products.

37. In addition, because, on information and belief, Defendant first placed bids for Plaintiff's "Cheese of the month club" Trademark in commerce on or after October 9, 2010 and because Defendant, willfully intended to trade on the recognition of plaintiff's famous "Cheese of the month club" mark pursuant to 15 U.S.C. § 1125(5) (A) and (B) (i), Plaintiff is also entitled to the remedies set forth in 15 U.S.C. § 1117(a).

38. Under 15 U.S,C. § 1117(a), Plaintiff is entitled to recover Defendant's profits and the costs of the action

39. Because defendant's actions in using Plaintiff's registered "Cheese of the month club" marks as keyword triggers was intentional and in bad faith, the court should enter an award of enhanced damages under 15 U.S.C. § 1117(a) (3) in an amount up to three times the actual damages.

40. This case is an exceptional case under 15 U.S.C. § 1117 (a) (3) and Plaintiff should be awarded its reasonable attorney fees.

## FORTH CAUSE OF ACTION
### [Cyber squatting in violation of the Lanham Act § 43(d), 15 U.S.C. § 1125 (d)] (Against All Defendants)

41. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

42. Plaintiff is the registered owner of the "Cheese of the month club" mark.

43. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

44. On or around October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants by Certified USPS mail and or E-mail and or by Fax.

45. Defendants intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from the Plaintiff.

46. Defendant's use of Plaintiff's "Cheese of the month club" mark as key word triggers is a use in commerce in connection with Defendant's goods that is likely to cause customer confusion or mistake, or to deceive as to affiliation, connection, association, sponsorship, or approval of Defendant's goods by Plaintiff.

47. Defendants intended to create an association with Plaintiff's marks in order to divert business to itself;

48. There is no actual association between Defendants and Plaintiff.

49. Defendants actions in using Plaintiff's registered "Cheese of the month club" marks as keyword triggers was intentional and in bad faith.

50. As a direct result of Defendants' actions, Plaintiff has suffered substantial damage, in amount to be proven at trial.

51. Since Defendants' acts have caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendant's are restrained and enjoined from continuing to engage in such wrongful conduct.

## FIFTH CAUSE OF ACTION

### [Unfair Competition – Cal. Bus. & Prof. §§ 17200, 17500 et seq]
### (Against All Defendants)

52. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

53. Plaintiff is the registered owner of the "Cheese of the month club" mark.

54. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

55. On or around October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants by Certified USPS mail and or E-mail and or by Fax.

56. Defendants intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from the Plaintiff.

57. Defendant's use of Plaintiff's "Cheese of the month club" mark as key word triggers is a use in commerce in connection with Defendant's goods that is likely to cause customer confusion or mistake, or to deceive as to affiliation, connection, association, sponsorship, or approval of Defendant's goods by Plaintiff.

58. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

59. As described above, Defendant's acts of distributing, marketing and otherwise exploiting Plaintiff's trademark in interstate commerce, Defendants have created consumer confusion by causing the public to believe that the products viewed, ordered and/or purchased from the Defendant's website are associated with, endorsed by or are in fact Plaintiff's products and services. This constitutes violations of State and Federal statutes. Accordingly, Defendant HARRY has violated California Business and Professions code Sections 17200 and 17500, et seq., which prohibits acts of unfair competition and unfair business practices.

60. Defendants' acts and conduct in violation of California Business and Professions code Sections 17200 and 17500, et seq., have caused and will continue to cause Plaintiff great and irreparable injury.

61. As a direct result of Defendants' actions, Plaintiff has suffered substantial damage, in amount to be proven at trial.

62. Since Defendants' acts have caused Plaintiff irreparable, ongoing injury of a nature that cannot be adequately compensated or measured in damages, Plaintiff has no adequate remedy at law and will suffer immediate and irreparable loss, damage and injury unless Defendant's are restrained and enjoined from continuing to engage in such wrongful conduct.

## SIXTH CAUSE OF ACTION

### [Unjust Enrichment]
### (Against All Defendants)

63. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

64. Plaintiff is the registered owner of the "Cheese of the month club" mark.

65. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

66. On or around October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants by Certified USPS mail and or E-mail and or by Fax.

67. Defendants intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from the Plaintiff.

68. Defendant's use of Plaintiff's "Cheese of the month club" mark as key word triggers is a use in commerce in connection with Defendant's goods that is likely to cause customer confusion or mistake, or to deceive as to affiliation, connection, association, sponsorship, or approval of Defendant's goods by Plaintiff.

69. By reasons of the foregoing facts, Defendants and each of them, have become unjustly enriched at the expense of Plaintiff by profiting from the use of Plaintiff's Trademark and by realizing monetary gain from their unauthorized use of said mark.

70. Defendants and each of them have become unjustly enriched in an amount that cannot be precisely ascertained at this time, but will be ascertained according to proof at trial.

## SEVENTH CAUSE OF ACTION

### [Demand for Accounting]
### (Against All Defendants)

71. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

72. As seen above, Plaintiff has an interest in all of the money that is generated from the exploitation of the "Cheese of the month club" mark.

73. Plaintiff is informed and believes that Defendants have generated an undetermined, yet substantial amount of money, due to commercial exploitation of the "Cheese of the month club" mark.

74. The amount of money due from Defendants is unknown to Plaintiff and cannot be ascertained without an accounting of all the Defendant's financial records related to the sales generated through their infringing activities.

75. As a result of Defendant's actions, or lack thereof, Plaintiff has been damaged in an amount to be proven after an accounting has been conducted. Accordingly, Plaintiff hereby requests that the Court order an accounting of all of Defendant's financial records related to the infringing activities in order to determine the sums rightfully due to Plaintiff. Furthermore, Plaintiff demands that those sums be paid to it.

## EIGHTH CAUSE OF ACTION
### [Constructive Trust]
### (Against All Defendants)

76. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

77. Plaintiff is informed and believes that Defendants have generated an undetermined, yet substantial amount of money, due to commercial exploitation of the "Cheese of the month club" mark.

78. As seen above, Plaintiff is entitled to all of the money that is generated from the infringing activities. Plaintiff has not given its consent for Defendants to utilize its Trademark. Such monies should be placed in a constructive trust until such time as this matter is resolved.

## NINTH CAUSE OF ACTION
### [Permanent Injunction]
### (Against All Defendants)

79. Plaintiff realleges and incorporates by reference each and every allegation set forth in above paragraphs, inclusive.

80. Plaintiff is the registered owner of the "Cheese of the month club" mark.

81. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

82. Plaintiff is the registered owner of the "Cheese of the month club" mark.

83. Plaintiff exclusively uses its "Cheese of the month club" mark for his products and services.

84. On or around October, 2010 Plaintiff mailed "Cease and Desist Letter" to all the Defendants by Certified USPS mail and or E-mail and or by Fax.

85. Defendants intentionally and knowingly infringed Plaintiff's "Cheese of the Month Club" mark on search engines without the consent or authorization of Plaintiff after they received the notice from the Plaintiff.

86. Defendant's use of Plaintiff's "Cheese of the month club" mark as key word triggers is a use in commerce in connection with Defendant's goods that is likely to cause customer confusion or mistake, or to deceive as to affiliation, connection, association, sponsorship, or approval of Defendant's goods by Plaintiff.

87. Plaintiff further contends that Defendants' activities have and will continue to infringe and or dilute its famous and distinctive trademark.

88. At this time Defendants continue to engage in the aforementioned infringing activity.

89. These actions on behalf of Defendants are wrongful and should be enjoined in that they have caused, and continue to cause, Plaintiff great and irreparable injury.

90. Plaintiff has no other plain, speedy and adequate remedy at law, and the injunctive relief prayed for below is necessary and appropriate at this time to prevent irreparable loss to Plaintiff's interests.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendants and each of them as follows.

## ON THE FIRST CAUSE OF ACTION

1. That the court adjudges and decrees that all the Defendants have willfully infringed Plaintiff's exclusive rights under trademark law.

2. That the defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringing the "Cheese of the month club" mark.

3. That the defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling the "Cheese of the month club" mark.

4. That Plaintiff is awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount proven at trial.

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For treble damages according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SECOND CAUSE OF ACTION

1. That the court adjudge and decree that all the Defendants have willfully infringed in passing off their products as Plaintiff's and infringed Plaintiff's exclusive rights under trademark law;

2. That the defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of passing off their goods and services as Plaintiff's;

3. That the defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling the "Cheese of the month club" mark;

4. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount proven at trial;

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For treble damages according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE THIRD CAUSE OF ACTION

1. That the court adjudge and decree that all the Defendants have willfully diluted Plaintiff's trademark "Cheese of the month club";

2. That the defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of diluting the "Cheese of the month club" mark;

3. That the defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling the "Cheese of the month club" mark;

4. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount proven at trial;

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For treble damages according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE FORTH CAUSE OF ACTION

1. That the court adjudge and decree that all the Defendants have willfully placed bids on search engines for Plaintiff's trademark "Cheese of the month club" with the bad faith intent to profit there from;

2. That the defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of placing bids on 'key words' which are identical with, confusingly similar to and/or dilutive of the "Cheese of the month club" mark;

3. That the defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling the "Cheese of the month club" mark;

4. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount proven at trial;

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For treble damages according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE FIFTH CAUSE OF ACTION

1. That the court issue permanent injunction prohibiting Defendants from engaging in the unfair business practices and unfair competition described herein;

2. That the defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of placing bids on 'key words' which are identical with, confusingly similar to and/or dilutive of the "Cheese of the month club" mark;

3. That the defendants, and those acting in concert with them, be permanently enjoined from selling any products carrying any designation resembling the "Cheese of the month club" mark;

4. That Plaintiff be awarded, at Plaintiff's election, statutory damages and/or actual damages in an amount proven at trial;

5. That Defendants disgorge all profits derived from their wrongful conduct;

6. Interest at the maximum legal rate;

7. All reasonable attorney's fees and costs incurred herein;

8. For exemplary or punitive damages in an amount appropriate to punish or make an example of Defendants, according to proof at trial;

9. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SIXTH CAUSE OF ACTION

1. That Plaintiff be awarded any and all monies gained by Defendants through Defendant's exploitation of the "Cheese of the month club" mark;

2. That the Defendants, and those acting in concert with them, be permanently enjoined from engaging in further acts of infringing of the "Cheese of the month club" mark;

3. That the defendants, and those acting in concert with them, be permanently enjoined from selling any goods or services carrying any designation resembling the "Cheese of the month club" mark;

4. That the defendants, and those acting in concert with them, be ordered to account for and recall any and all other infringing material from all marketing tactics, descriptions, search terms, meta-tags, and domain names used to deceive the public, so as to permanently remove them from the stream of commerce;

5. Interest at the maximum legal rate;

6. All reasonable attorney's fees and costs incurred herein;

7. For exemplary or punitive damages in an amount appropriate to punish or make an example of Defendants, according to proof at trial;

8. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SEVENTH CAUSE OF ACTION

1. That the court order an independent accountant to conduct an accounting of all Defendant's financial records relating to the sales obtained through the exploitation of the "Cheese of the month club" mark in order to determine the sums of money owed to Plaintiff;

2. Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff;

3. Interest at the maximum legal rate;

4. All reasonable attorney's fees and costs incurred herein;

5. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE SEVENTH CAUSE OF ACTION

1. That the court order an independent accountant to conduct an accounting of all Defendant's financial records relating to the sales obtained through the exploitation of the "Cheese of the month club" mark in order to determine the sums of money owed to Plaintiff;

2. Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff;

3. Interest at the maximum legal rate;

4. All reasonable attorney's fees and costs incurred herein;

5. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE EIGHTH CAUSE OF ACTION

1. That the court imposes an actual or constructive trust upon Defendants in favor of Plaintiff with respect to all income received by their infringing activities;

2. An award of restitution in an amount greater or equal to Defendants' unjust enrichment order an independent accountant to conduct an accounting of all Defendant's financial records relating to the sales obtained through the exploitation of the "Cheese of the month club" mark in order to determine the sums of money owed to Plaintiff;

3. Upon a determination of sums due to Plaintiff, demand is made that those sums be paid to Plaintiff;

4. Interest at the maximum legal rate;

5. All reasonable attorney's fees and costs incurred herein;

6. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

## ON THE NINTH CAUSE OF ACTION

1. That the court issues a permanent injunction enjoining Defendants from engaging in the infringing activities described herein.

2. All reasonable attorney's fees and costs incurred herein;

3. That the court grants such other, further, and different relief as the Court deems just and proper under the circumstances.

Anshu Bharat Pathak; Plaintiff
In Pro Per
January 5, 2011

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial as provided by Rule 38 (a) of the Federal Rules of
Civil Procedure.

------------------------------------

Anshu Bharat Pathak; Plaintiff
In Pro Per
January 5, 2011

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>Anshu B. Pathak | DEFENDANTS<br>See Attachments |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing<br>yourself, provide same.)<br><br>130 West Walnut Ave, Suite A –14,<br>Perris, CA 92571<br>Phone: 951-657-7299 , Fax: 951-657-6599 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☐ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** 20 Million

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark Infringement 15 U.S.C. Section 1114(1), "Passing Off" Under the Lanham Act-15 U.S.C. Section 1125(a); Trademark Dilution-15 U.S.C. Section 1125(c) , etc.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **REAL PROPERTY** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | **IMMIGRATION** | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | **FEDERAL TAX SUITS** |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | ☐ 440 Other Civil Rights | | |

**FOR OFFICE USE ONLY:** Case Number:   ED CV11-0005

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

Created with nitro PDF professional
download the free trial online at nitropdf.com/professional

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No   ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No   ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside, CA | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Outside CA: Nevada, Oregon, WA, DE |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 01/06/2011

   **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

Created with
**n** nitro**PDF** professional
download the free trial online at nitropdf.com/professional

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

**ATTACHMENT**

**Anshu B. Pathak  Vs.  I.C.G. America, Inc.  et. al.**

**Case No.:**

**DEFENDANT(S):**

I.C.G. America, Inc. A CT Corporation;

24 SEVEN ENTERPRISES NV, INC., A NV Corporation;

The City of Sparks;

C & H Clubs USA Inc.;

Harry And David Inc., an OR Corporation;

Google Inc; A DE Corporation;

Microsoft Corporation; A WA Corporation;

Yahoo Inc.; A  DE Corporation;

and DOES 1 through 10, Inclusive.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

## EDCV11- 55 VAP (OPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===============================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[X] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

Anshu Pathak
130 West Walnut Ave, Suite A –14,
Perris, CA 92571
Phone: 951-657-7299 , Fax: 951-657-6599
E-Mail:anshupathak@aol.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Anshu B. Pathak, An Individual;<br><br><br>           v.<br><br><br>PLAINTIFF(S) | **CASE NUMBER**<br><br>ED CV11-00055 VAP (OPx) |
| I.C.G. America, Inc. et. al.<br><br><br>DEFENDANT(S). | **SUMMONS** |

TO:     DEFENDANT(S):  See Attachment

A lawsuit has been filed against you.

Within  21 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [ X ] complaint [  ] _____ amended complaint [  ] counterclaim [  ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney,  Anshu B. Pathak _____ , whose address is  130 West Walnut Ave, Suite A –14, Perris, CA 92571 .  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

TERRY NAFISI
Clerk, U.S. District Court

JAN – 6 2011

Dated: _____     By: _____
                                                                 G. GUZMAN
                                                                 Deputy Clerk

(Seal of the Court)

SEAL

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                                         **SUMMONS**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

**ATTACHMENT**

**Anshu B. Pathak  Vs.  I.C.G. America, Inc.  et. al.**

**Case No.:**

**DEFENDANT(S):**

I.C.G. America, Inc. A CT Corporation;

24 SEVEN ENTERPRISES NV, INC., A NV Corporation;

The City of Sparks;

C & H Clubs USA Inc.;

Harry And David Inc., an OR Corporation;

Google Inc; A DE Corporation;

Microsoft Corporation; A WA Corporation;

Yahoo Inc.; A  DE Corporation;

and DOES 1 through 10, Inclusive.